**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

MEDHAT SBEIH,

Plaintiff,

v.

TOWNSHIP OF EAST BRUNSWICK, TOWNSHIP OF EAST BRUNSWICK POLICE DEPARTMENT, ALEX TODOROFF, BARRY ROBERSON, MARY DOE 1-30, and JOHN SMITH 1-30,

Defendants

Case No. 3:12-CV-05893-PGS-TJB

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 6). Additionally, the Court *sua sponte* addresses the sufficiency of the Complaint. The latter issue will be discussed first.

## I. FACTS

On July 30, 2012, Plaintiff Medhat Sbeih filed a Complaint in the Superior Court of New Jersey, Law Division of Middlesex County alleging various § 1983 violations against Sgt. Alex Todoroff and the Township of East Brunswick Police Department for issuing a temporary restraining order ("TRO") on June 19, 2010, and for subsequently arresting Plaintiff for a violation of the TRO.

Plaintiff later filed an Amended Complaint in the Superior Court of New Jersey, Law Division of Middlesex County alleging additional causes of action. The Amended Complaint alleges that Sgt. Todoroff fraudulently added provisions to the TRO that were not ordered by the municipal court judge. For instance, the Amended Complaint alleges that an arrest warrant was

issued against Plaintiff on June 29, 2010, "as a result of the aforesaid fraudulent judicial order prepared by the Defendant Todoroff . . ." Plaintiff was arrested on September 22, 2010 and entered a guilty plea on June 21, 2011 in Superior Court of New Jersey to a Petty Disorderly Persons Charge of Harassment in violation of N.J.S.A. 2C:33-4(c). Plaintiff's guilty plea was without an admission of intent, and is protected by a "civil reservation". On September 19, 2012, Defendants removed the matter to this Court.

II.

This Complaint is clearly deficient under Federal Rule of Civil Procedure Rule 8(a)(2). For example, the following causes of action are alleged in the Complaint:

2. Violations of plaintiff's civil rights under the law of the United States of America as to race, creed, religion and gender;

3. Violations of plaintiff's civil rights under the Fourteenth Amendment of the Constitution of the United States of America;

4. Violations of plaintiff's civil rights under the Fourth Amendment of the Constitution of the United States of America;

5. Violations of plaintiff's civil rights under the Fifth Amendment of the Constitution of the United States of America;

In all, the Complaint alleges thirty-two counts wherein Plaintiff does not provide any corresponding facts to substantiate the purported causes of action. Plaintiff also fails to identify specific dates on which the alleged violations occurred or any substantive underpinnings. In this respect, the Complaint clearly fails to comply with Rule 8(a)(2).

As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the Complaint. *See, e.g., Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir.1997); *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This "plausibility" standard does not require probability, but it does demand more than a sheer possibility that the defendant acted unlawfully. *Id.* Therefore, a Complaint pleading facts that are merely consistent with liability is insufficient. *Id; Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 72-73 (3d Cir. 2011).

Further, the well-established notice pleading standard under Federal Rule of Civil Procedure 8(a) requires that the Complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Thomas v. Independence Twp.*, 463 F.3d 285, 295 (3d Cir. 2006*); Liberty Lincoln-Mercury, Inc. v. Ford Motor Co*., 676 F.3d 318, 326 (3d Cir. 2012). The Complaint is only required to set forth the facts necessary to provide notice of the claim and the basis for the relief sought. *Cornell Companies, Inc. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 269 (E.D. Pa. 2007). Some facts, however, are necessary. In order to give Defendant fair notice, and to permit early dismissal if the complained of conduct is not unlawful, a Complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability. *Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 603 (D.N.J. 2010). Here, the Complaint does not set forth any facts but merely cites to statutes. It is insufficient.

Since the Complaint lacks adequate factual detail, the Court can not analyze the statute of limitations issue. It is dismissed.

Because the Complaint is deficient in detailing any particulars in respect to the causes of action that it alleges, this matter is dismissed for failure to state a claim under Rule 8(a).

ORDER

IT IS on this 21st day of March, 2013;

ORDERED that the motion to dismiss (ECF No. 6) is granted.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.